**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LOIDA LOPEZ NAVARRO, Plaintiff, | : | |
| v. | : | 3:25-CV-1908 (SFR) |
| CONNECTICUT CVS PHARMACY, LLC, CVS PHARMACY, INC., IMPERIAL HOLDINGS LLC, LEXICON TOWERS LLC, and MAX HUFF, Defendants. | : | |

## MEMORANDUM & ORDER

In this negligence action, Plaintiff Lidia Lopez Navarro moves to remand to Connecticut Superior Court because she says the presence of Defendant Max Huff defeats the requirements for diversity subject-matter jurisdiction. Although Defendants contend that Huff was fraudulently joined, I conclude that Defendants have not met their burden to demonstrate that Lopez Navarro cannot recover against Huff as a matter of Connecticut law. Thus, for the reasons explained below, the Motion to Remand is GRANTED.

## I. BACKGROUND

Lopez Navarro was injured on October 18, 2024, when she tripped on the "raised and uneven" sidewalk outside the CVS store in Willimantic, Connecticut. ECF No. 1-1, at 5, ¶ 5.[1] Lopez Navarro alleges that her injuries were caused by Defendants' failure to maintain the sidewalk curb, inspect the sidewalk curb, and/or take procedures to repair the sidewalk curb.

[1] I cite throughout to the pagination generated by ECF rather than to any page numbers appearing within the parties' submissions.

*Id.* at 5, ¶ 6. Lopez Navarro seeks to recover from two CVS corporate entities (Connecticut CVS Pharmacy, LLC, and CVS Pharmacy, Inc.), Imperial Holdings LLC, Lexicon Towers, LLC, and Max Huff. *Id.* at 4-19. Lopez Navarro's allegations are nearly identical as to each defendant. *See id.* As to Max Huff, the Complaint alleges that Huff was the CVS manager at the time of her injury. *Id.* at 16, ¶ 1. The Complaint contends that "at all times mentioned herein, the defendant, Max [H]uff, his agents, servants and/or employees, possessed and controlled the sidewalk curb on the premises." *Id.* at 16, ¶ 2.[2]

Lopez Navarro initiated this action in Connecticut Superior Court by filing a complaint on October 14, 2025. ECF No. 1-1, at 2. Defendants removed the action to this court on November 14, 2025. ECF No. 1. In the Notice of Removal, Defendants invoked the diversity subject-matter jurisdiction of the federal courts, 28 U.S.C. § 1332, and argued that although both Lopez Navarro and Max Huff are Connecticut citizens, diversity jurisdiction exists because Huff was improperly joined. ECF No. 1, at 3. Lopez Navarro timely moved to remand for lack of subject-matter jurisdiction on December 9, 2025. Mot. to Remand, ECF No. 20; ECF No. 21 ("Pl.'s Mem."). Defendants responded in opposition. ECF No. 23 ("Defs.' Mem."). Lopez Navarro filed a reply. ECF No. 24 ("Pl.'s Reply"). Defendants later filed a notice of supplemental authority. ECF No. 29. With the consent of all parties, I deferred entering a scheduling order and stayed discovery pending resolution of the motion to remand. ECF No. 28.

---

[2] Although the Complaint asserts claims against Max Duff, ECF No. 1-1, at 16, the parties in their briefing and other submissions identify this individual as Max Huff. *See, e.g.*, Huff Aff., ECF No. 1-9; Pl.'s Mem. 1; Defs.' Mem. 3; Pl.'s Reply 2. I therefore refer to this individual as Max Huff in this ruling.

## II. LEGAL STANDARD

"A plaintiff may not defeat federal court diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real connection to the controversy." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P, v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). "The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

## III. DISCUSSION

The parties agree there is complete diversity of citizenship between Lopez Navarro and all Defendants save Max Huff. Moreover, Lopez Navarro does not dispute Defendants' contention that, based on the nature of Lopez Navarro's injuries, the amount in controversy exceeds $75,000. ECF No. 1, at 4 (observing that Lopez Navarro's injuries included "a fractured right humerus, right arm pain, right elbow pain, right shoulder pain, neck pain, right

trigger finger pain, and pain and suffering both mental and physical"). The dispositive issue thus becomes whether Huff is properly joined as a defendant.[3]

Because there is no suggestion that Lopez Navarro engaged in "outright fraud" by naming Huff as a defendant to this action, I analyze whether "recovery is *per se* precluded." *Castillo v. BJ's Wholesale Club*, 645 F. Supp. 3d 85, 90 (E.D.N.Y. 2022). In the notice of removal and in their opposition to the motion to remand, Defendants argue that Lopez Navarro "cannot state a cause of action against Mr. Huff for negligence." Defs.' Mem. 4; *see also* ECF No. 1, at 3.

Defendants have not met the "heavy burden" to prove that Huff was improperly joined. *See Pampillonia*, 138 F.3d at 461. As Lopez Navarro observes in her motion to remand, Pl.'s Mem. 2-3, "Connecticut law allows a plaintiff who has been injured on a company's premises to maintain a claim for negligence not only against the company itself but also against individual company employees who are responsible." *Reynolds v. Dollar Tree Distribution, Inc.*, No. 3:19-CV-01137 (JAM), 2020 WL 1129909, at *3 (D. Conn. Mar. 9, 2020). The Connecticut Supreme Court has held that "where . . . an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." *Scribner v. O'Brien, Inc.*, 169 Conn. 389, 404 (1975) (citation modified). The Connecticut Supreme Court has reiterated that same holding in recent decisions. *See, e.g.*, *Joseph Gen. Contracting, Inc. v. Couto*, 317 Conn. 565, 583 (2015); *see*

---

[3] Huff is both a non-diverse defendant and a resident of the forum state. Thus, if Defendants demonstrate that Huff was improperly joined, the doctrine of fraudulent joinder would also permit me to overlook the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2). *See McMahon v. Harbor Freight Tools USA Inc.*, No. 3:26-CV-00825 (KAD), 2026 WL 2241414, at *1 n.1 (D. Conn. Aug. 4, 2026).

*also Meek v. Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 469-71 (2002) (affirming finding of negligence against Wal-Mart managers who failed to prevent several items from falling and injuring plaintiff while on premises).

Applying *Meek* and *Scribner*, courts in this District have observed that "Connecticut law does not foreclose a claim against a store manager whose alleged negligence causes the same alleged injuries as the storeowner's alleged negligence." *Szewczyk v. Wal-Mart Stores, Inc.*, No. 309CV1449 (JBA), 2009 WL 3418232, at *4 (D. Conn. Oct. 19, 2009); *Reynolds*, 2020 WL 1129909, at *3 ("[N]umerous federal court decisions have remanded similar premises liability actions to state court, rejecting arguments that plaintiffs have engaged in fraudulent joinder by naming non-diverse corporate employees as defendants."); *McMahon*, 2026 WL 2241414, at *3 ("Connecticut law has long recognized that an individual may be held personally liable for their own tortious conduct committed in the course of their employment."); *Patafil v. Walmart, Inc.*, No. 3:21CV00433 (SALM), 2021 WL 5480712, at *2 (D. Conn. Nov. 23, 2021) (same).

Although Defendants do not challenge these authorities, Defendants suggest that an employee cannot be held liable in negligence on a theory of premises liability unless the employee had "possession *and* control" over the subject premises. Defs.' Mem. 3 (citing *Baribeault v. Wal-Mart Stores, Inc.*, No. KNLCV176030380S, 2019 WL 2519010 (Conn. Super. Ct. May 16, 2019)). In *Baribeault*, the Connecticut Superior Court granted summary judgment to the store manager because, although the manager controlled access, the record made clear that the manager "was not in possession of the store" at the time of the plaintiff's injuries. *Id.* at *4. I am not persuaded that *Baribeault* forecloses Lopez Navarro's possibilities of recovery against Huff. The *Baribeault* court granted summary judgment to the store

manager based on the record developed during discovery. I cannot say at this juncture that Lopez Navarro will be unable to establish the elements of her claim. *See Mills v. The Sol., LLC*, 138 Conn. App. 40, 60 (2012) ("Thus, the dispositive issue in deciding whether a duty exists is whether the [defendant] has any right to possession and control of the property. . . . Retention of control is essentially a matter of intention to be determined in the light of all the significant circumstances.") (citation modified).

Defendants' other arguments are unavailing. Relying on an affidavit from Huff, Defendants contend that Huff's assigned duties as store manager did not include "maintaining the subject curb on the premises and was in fact not even present at the subject pharmacy on the date of the incident at any time." Defs.' Mem. 3; *see also* Huff Aff. ¶¶ 4-5, ECF No. 1-9. But the Complaint alleges otherwise. *See* ECF No. 1-1, at 16, ¶¶ 1-3 (stating that Huff had a "duty to inspect and maintain the sidewalk curb"). And at this stage, I cannot resolve disputed issues of fact in favor of Defendants. *See Pampillonia*, 138 F.3d at 461 (reiterating that "all factual and legal issues must be resolved in favor of the plaintiff"); *McMahon v. Harbor Freight Tools USA Inc.*, No. 3:26-CV-00825 (KAD), 2026 WL 2241414, at *4 (D. Conn. Aug. 4, 2026) (rejecting evidentiary submissions disputing whether non-diverse defendant could be held individually liable because "such assertions simply contradict the Plaintiff's allegations and generally go to the merits of the Plaintiff's claims, not their viability").

Accordingly, because Defendants have failed to meet the "heavy burden" to prove by clear and convincing evidence that Lopez Navarro cannot recover from Huff, Huff's

Connecticut citizenship cannot be disregarded, which means this court lacks diversity jurisdiction over the action. 28 U.S.C. § 1332(a).[4]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 20, is GRANTED. The Clerk is respectfully directed to remand this case to Connecticut Superior Court, Judicial District of Windham, at Putnam, No. WWM-CV25-6035109-S. The Clerk shall thereafter close the case.

**SO ORDERED.**

New Haven, Connecticut
September 30, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

[4] Where, as here, a district court remands an action to state court because the removal was improper, the district court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding such fees hinges on the "reasonableness" of removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) ("Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."). Lopez Navarro has not requested fees, and in any case, I am not persuaded that it was objectively unreasonable for Defendants to argue that Huff was improperly joined in this action. I therefore decline to award fees.